UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID DAOUDA MBO,

                    Plaintiff,

          -v.-

OLD REPUBLIC INSURANCE COMPANY,

                  Defendant.

22 Civ. 2979 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On March 3, 2022, Plaintiff David Daouda MBO commenced this action in the Supreme Court of New York, Bronx County.  ECF No. 4-1.  Plaintiff seeks to recover benefits under a motorist policy issued by Defendant Old Republic Insurance Company for injuries allegedly sustained in an automobile collision that occurred "in the County of Kings, State of New York."[1] *Id.* ¶¶ 20-22, 44-46.  On April 8, 2022, Defendant filed a Notice of Removal invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  ECF No. 1 ¶ 5.

"[C]ourts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  In the Notice of Removal, although Defendant asserts that "there is diversity of citizenship between the [parties]," ECF No. 1 ¶ 5, "it merely alleges the [Plaintiff's] state of residence, not his state of citizenship," *Auto. Ins. Co. of Hartford v. Schlachet*, 23 Civ. 6501 (JMF) (S.D.N.Y. July 31, 2023); ECF No. 1 ¶ 5 (alleging that "there is diversity of citizenship between the Plaintiff, a *resident* of the State of New York, [and] Old Republic[,] a corporation organized under the laws of the State of Pennsylvania and having a principal place of business in

---

[1] This action was previously dismissed without prejudice as to Defendants Liberty Mutual Insurance Company and Allstate Insurance Company.  *See* ECF Nos. 23, 26.

Illinois" (emphasis added)).  "This is not enough." *Auto. Ins. Co. of Hartford*, 23 Civ. 6501 (S.D.N.Y. July 31, 2023) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists."); *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022) (it is "well established that allegations of residency alone cannot establish citizenship" (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997)).  As a result, subject matter jurisdiction is not adequately pleaded in the Notice of Removal.

Additionally, as stated above, Plaintiff's alleged motor vehicle accident occurred in Kings County, which is in the Eastern District of New York.  ECF No. 4-1 ¶¶ 20-22; *see* 28 U.S.C. § 112(c) ("[t]he Eastern District comprises the counties of *Kings*, Nassau, Queens, Richmond, and Suffolk" (emphasis added)).  Under Title 28, United States Code, Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A "civil action may be brought," in turn, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  *Id.* § 1391(b)(2). Accordingly, "because a substantial part of the events giving rise to [Plaintiff's] Complaint took place in Brooklyn [i.e., Kings County], the Court is inclined"—provided that subject matter jurisdiction lies—"to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a)."  *Shields v. NYC Health & Hosps. Corp.*, 18 Civ. 5163 (JMF) (S.D.N.Y. June 13, 2018).

In view of the foregoing, IT IS HEREBY ORDERED that, by **April 15, 2024**, Defendant shall show cause why this action should not be remanded to the Supreme Court of New York, Bronx County.

IT IS FURTHER ORDERED that, by **April 15, 2024**, (1) Defendant also must show cause why this case should not be transferred to the Eastern District of New York in the event that the Court determines that subject matter jurisdiction is present; or, alternatively, (2) the parties may inform the Court if (assuming the existence of subject matter jurisdiction) they consent to the transfer of this case to the Eastern District of New York.

Finally, as the Court's subject matter jurisdiction and the propriety of venue in this District are in question, Defendant's motion for summary judgment is hereby denied without prejudice to renewal should the Court determine that subject matter jurisdiction lies and that venue is appropriate in this matter.

The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

Dated: March 31, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge